Judge Ukdeuwood
delivered the opinion of the Court.
The evidence, in our opinion, is such that the, court ought to have granted i\ new trial» The strongest circumstance in opposition to-it is, that the patent calls for Racoon ereek, which- call must be disregarded to authorize granting a new trial. The proof is positive™fMt the original survey was made in 1705, from the mouth of Fond creek, it was upon the survey, made so, that the patent issued; and if the surveyor misnamed the creeks in making out his certificate of survey, such mistake cannot transfer the claim from the ground actually surveyed toother ground,, with a view to begin on a creek beaming the name of that improperly applied to thefyeek on which the survey was actually made. .
If the j.ury should believe from the evidence, that the survey was made in 1785, fr.om the mouth of Pond creek,, as testified by James Kincaid, they should find for the defendant. That the evidence given on the' trial in the circuit court, clearly established that fact cannot be controverted, if it be credible. The water courses laid down on the original plat greatly corroborate the statements made by the original surveyor, Kincaid, who explains the cause and means'Adopted for transferring the beginning corner to Racoon creek. That these things were not very creditable' to the parties-concerned, wre admit, and it is the subsequent conversations, tending to support these illegal proceedings, (which constitute the weakest kind of evidence) that are chiefly relied on, to place the beginning of the survey upon Racoon creek.
■ The case has not been prepared with that care to reach the truth,'which might have been used. The ages of the marks on the corner and line trees to be ascertained by their annulations, would probably remove ail doubt. On another trial, this may be attended to. If the jury again find for the plaintiff,, in opposition to the positive testimony of the original surveyor, i.t will result from a disbelief in his state- *421 meats. The jury may rightfully disregard his testimony,if they believe it, under all the circumstances, unworthy of credit,
decided enee°of 'testi-muny,ua to render ver-diet against evidence, f00li S1t;u.ik! for now trial;
Turner and Monroe, for plaintiff; Triplett and Eh 'Smith, for defendant,
The convictions of our minds, as the case now stands, induce us to grant a new trial, believing that there was such a decided preponderance in the testi-monv, as to render the veidiet against the evidence, _ "■
_ Wherefore, the judgment and verdict are set aside, 'ánd the cause remanded for a new tria!.
The plaintiff in error must recover his costs.